**Ann Ferrell DACUS, Plaintiff-Appellant, Cross-Appellee,**

v.

**SOUTHERN COLLEGE OF OPTOMETRY, Defendant-Appellee, Cross-Appellant.**

Nos. 79–1424, 79–1425.

United States Court of Appeals, Sixth Circuit.

Argued June 3, 1981.

Decided Aug. 5, 1981.

Phillip E. Kuhn, Kuhn, Kuhn & Kuhn, Memphis, Tenn., for plaintiff-appellant, cross-appellee.

Melvin Fleischer, Cochran, Carey, Fleischer & Mullikin, Katherine Carlyle, Memphis, Tenn., for defendant-appellee, cross-appellant.

Before EDWARDS, Chief Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

Plaintiff Dacus filed a complaint asserting sex discrimination under Title VII and also violations of 42 U.S.C. §§ 1981, 1982 and 1983 (1976). She alleged that defendant customarily created special titles for women, giving them job classifications with lower pay and working conditions for the same work done by male employees with higher conditions and pay standards.

The case was tried before the United States District Court in the Western District of Tennessee, resulting in a Memorandum Opinion by the District Judge. After a lengthy review of the evidence which had been presented, the court concluded:

[T]he defendant acting through its high ranking male officers did discriminate against the female plaintiff by assigning her substantially all of the duties of the former Business Manager from October 1, 1972, through June 30, 1974. Similarly the discrimination continued the next year when the job office of Business Manager was combined with the Bookstore Manager in which the position the plaintiff continued until June 30, 1975. The Court further concludes that the plaintiff is entitled to damages based upon the difference between the salary being earned by Howard Hicks as Business Manager at the time of his termination—$10,296 per annum, or $858 per month—and the amount plaintiff was paid between October 1, 1972, and June 30, 1975. At that time plaintiff was transferred to the job of Administrative Aide to the Executive Vice President due to the appropriate determination by management that plaintiff was not suited to the job which required supervision. While it is true that plaintiff was replaced with a male Bookstore Manager at a salary of $9,420 per annum, this Court concludes that the transfer of plaintiff from the head of the office of the Business Manager to the Bookstore Manager was not intended to be a job of lesser responsibility or effort. Therefore, the plaintiff should have been compensated at the same salary she should have earned while performing the duties of Business Manager.

These conclusions recognize and include a finding that the plaintiff was justifiably demoted to the salary level that she was actually paid from the time that she was transferred to the Administrative Aide position which was in fact an advanced clerical job.

The Court further finds that the limitation of the plaintiff's employment was not based upon discrimination against females, nor was it based upon retaliation for filing a claim with the EEOC. It was based upon the discretion of the employer to transfer, reassign, or terminate an employee such as was done when Howard Hicks was terminated as Business Mana-

ger and the plaintiff was given substantially all of his duties but not his title or salary.

The court awarded backpay in the amount of $8,253, with attorney's fees and costs of $5,072.50. Both parties appealed.

This court's review of this record indicates that we cannot hold that any of the findings of fact of the District Judge are clearly erroneous, therefore, the judgment of the District Court is affirmed.

The case is, however, remanded for the determination and allowance of appropriate appellate fees and expenses to appellant Dacus.